## KEARNEY v. A PILE-DRIVER and STAGE, etc.

*(District Court, D. New Jersey.　———, 1880.)*

1. MORTGAGEE—LIBEL IN REM.—A mortgagee in possession has a right to file a libel *in rem* for earnings from towage.

2. TOWAGE—CONTRACT—OSTENSIBLE OWNER.—Such libellant is entitled to recover the sum due for such towage service, although the contract was made with the father of the libellant as the ostensible owner of the vessel, and although the respondents had been forbidden by an order of a state court, founded upon supplementary proceedings, to pay over such earnings to the father of the libellant, "or to any one for him, or to any person whatever, until the further order of the said court."

3. SAME—COSTS.—In such case, however, although the libellant was not a party to the proceedings in the state court, the respondents are not liable in costs for the nonpayment of such earnings.

Libel *in rem.*

NIXON, D. J.　It is not necessary to decide in this case, as was suggested at the hearing, whether the master of a vessel can maintain in his own name a libel *in rem* for a towage service.　Such a contract, doubtless, is a maritime one, and is cognizable in a court of admiralty in a suit by the owner. But in the present case the master is also the mortgagee and the mortgagee in possession, and as such is entitled to all the earnings of the vessel that the owner might claim if he had retained control.　Having such a relation to, and claim upon, the vessel, he may use all the remedies that the legal owner has, and one of these is the right to file a libel *in rem* for earnings from towage.　But the respondents have put in a claim, and have declined to pay upon two grounds: (1) Because the contract for towage was made with John Kearney, the father of the libellant, with whom they bargained as the ostensible owner of the Katy Smith; (2) because they had been restrained by an order of the supreme court of the state of New Jersey, made February 21, 1879, from the payment of the said debt "to John Kearney, or to any one for him, or to any person whatever, until the further order of the said court."

This order was founded on supplementary proceedings upon a judgment and execution obtained by one Nicholas B. Cushing against John Kearney, and upon *prima facie* proof that the debt libelled was a debt due to John Kearney from the respondents. Neither of these reasons is sufficient to defeat the libellant in collecting the sum due for the towage service, and there must be a decree in his favor for the amount of his claim. In admiralty costs ordinarily follow the decree, unless the court, in the exercise of a sound discretion, perceives reasons for withholding them. Should they be withheld in this case? The question has given me considerable embarrassment and difficulty. It is true the libellant was not a party to the proceedings in the state court, and hence he was not precluded, by anything in those proceedings, from enforcing his maritime lien in this court. But the respondents were estopped, by the order of the state court, from paying the debt, either to John Kearney or to any other person, until it was otherwise ordered, and one of the respondents testifies that he informed the libellant of the injunction shortly after it was served upon him. It would, therefore, seem harsh and unjustifiable to hold them liable in costs for not doing what they were restrained from doing by a competent tribunal, and for which, if done, they would expose themselves to pains and penalties for a contempt of the court.

If the libellant, before filing his libel, had obtained such a modification of the order in the state court that the matter of payment was left to the discretion and at the peril of the respondents—the only penalty being the risk of being called upon to make payment the second time—and they had refused to pay after that, a different question would be presented, and I should not have hesitated to say that they must assume all the consequences of their refusal. But he took no such step, nor attempted it. He filed his libel with the knowledge of the existing restraint upon the respondent, and I see no other way of doing exact justice between these parties, except by withholding costs upon the decree.

Let a decree be prepared in favor of the libellant for the sum of $25, with interest thereon from the date of filing the libel, (April 18, 1879,) each party paying his and their own costs.